**Order filed October 8, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00399-CR

_____

## TRACI LEE ALANIZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-19-0578-CR**

### O R D E R

Appellant, Traci Lee Alaniz, pleaded guilty to the offense of murder, without the benefit of a plea agreement. The trial court found Appellant guilty of murder, and the jury assessed punishment at eighty years' confinement.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has conscientiously

examined the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967).

Following the procedures set out in *Anders*; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), we conducted an independent review of the record. We note that, in the punishment phase charge, the trial court included an instruction related to the applicability of any good conduct that Appellant might be awarded by prison authorities.

Because Appellant was convicted of murder, the trial court was required to instruct the jury pursuant to Article 37.07, section 4(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 37.07, § 4(a) (during penalty phase of a trial in which the jury is to assess punishment, the trial court shall charge the jury pursuant to Section 4(a) if the offense is listed in Article 42A.054(a)), 42A.054(a)(2) (listing Section 19.02 (murder) of the Texas Penal Code) (West Supp. 2020); *see also Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). Effective September 1, 2019, the Texas legislature amended Article 37.07, section 4(a) to delete all references to good conduct time. *See* Act of May 15, 2019, 86th Leg., R.S., ch. 260, § 1(a), 2019 Tex. Sess. Law Serv. 2019 (H.B. 1279).

The amended jury instruction applies to all defendants sentenced after September 1, 2019, regardless of the date of the offense. *See id.* §§ 2–3. The jury returned its verdict on Appellant's punishment on December 10, 2019, and the trial court formally sentenced Appellant on December 11, 2019. Accordingly, the trial court erred when it included in the punishment phase charge any instruction related to good conduct time that may be awarded to Appellant by prison authorities. *See Addison v. State*, No. 05-18-01263-CR, 2020 WL 4251068, at *3–4 (Tex. App.—Dallas July 24, 2020, no pet.) (mem. op., not designated for publication) (holding

2

that punishment phase charge was erroneous because it included language related to good conduct time that was "not delineated in section 4(a)").

Accordingly, we grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand the cause to the trial court for the appointment of new appellate counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before October 27, 2020. New appellate counsel is directed to address the issue identified by this court and to raise any other substantive issues that counsel deems arguable. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

October 8, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.